Zita GROSSKOPF, Petitioner,

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (KUHNS
MARKET), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 1995.
Decided April 3, 1995.

James J. Bedortha, for petitioner.

Ralph J. Saunders, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Zita Grosskopf (claimant) appeals from a decision of the Workmen's Compensation Appeal Board. The board affirmed a referee's decision to grant benefits for a closed period; to suspend benefits for a subsequent period; and to terminate benefits as of October 22, 1991.

On April 22, 1991, claimant filed a claim petition alleging that she injured her lower back while in the course of her employment with Kuhns Market (employer) on January 18, 1991. Claimant further alleged that she provided her immediate supervisor with notice of her injury on January 18, 1991. Claimant submitted that she was disabled from January 18, 1991 until February 4, 1991, at which time she returned to work. She also averred that she was fired from her position on February 28, 1991 and did not work after that date. Finally, claimant requested penalties, counsel fees, and interest on the basis that employer violated The

Pennsylvania Workmen's Compensation Act [1] (Act) by failing to report or deny the injury.

Employer denied the material allegations set forth in claimant's petition. Following several hearings, the referee concluded that claimant had suffered a work-related injury on January 18, 1991. He further determined that claimant was totally disabled from January 21 through February 5, 1991 and, therefore, entitled to benefits at a weekly rate of $145.33 for this period. In addition, the referee found that claimant was partially disabled from February 6 through February 28, 1991 and entitled to benefits at a weekly rate of $19.95 for this period.

The referee further concluded that claimant voluntarily terminated her employment, effective March 1, 1991, and he suspended benefits as of that date. Finally, the referee terminated benefits as of October 22, 1991, upon determining that the work injury had resolved completely without residual disability. Claimant appealed to the board, and the board affirmed the decision of the referee. This appeal followed.

■ Our scope of review is to determine whether constitutional rights were violated, an error of law was committed, or appeal board procedure was violated, and whether necessary findings of fact were supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

On appeal to this court, claimant's counsel has filed a brief that is not in conformance with the mandatory requirements of the Pennsylvania Rules of Appellate Procedure thereby precluding a meaningful review of claimant's appeal. The Pennsylvania Rules of Appellate Procedure delineate explicit requirements for writing appellate briefs, as well as the penalty for failing to comply with these rules.[2] Rule 2101 expressly provides:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant, and are substantial, the appeal or other matter may be quashed or dismissed.

■ Accordingly, we quash appeals when substantially defective briefs impede us from conducting meaningful appellate review. The minimal requirements for writing a proper brief are set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) lists the essential components of an appellate brief and explains their proper order. Rules 2114 through 2119 correspondingly provide further specifications for the essential components.

■ Here, claimant has substantially deviated from the rules of appellate procedure. Claimant has failed to include in her brief the following essential components: a statement of jurisdiction, an order or other determination in question, and a statement of the questions involved. Each of these sections is mandated by Pa.R.A.P. 2111(a).[3]

■ These defects and omissions prevent us from properly reviewing claimant's case. We are constrained to quash this appeal without reaching the merits. As this court previously has noted, it is not our role to become the appellant's counsel. *See Wicker v. Civil Service Commission*, 74 Pa.Commonwealth Ct. 548, 460 A.2d 407 (1983). When a brief is inadequate to present specific issues for review, the court will not consider the merits of the case. *Id.*

■ Even if we were inclined to consider the merits of the case, notwithstanding the substantial defects in the brief, Pa.R.A.P. 2116(a), governing the statement of questions involved, would bar us from doing so. Rule

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. Pa.R.A.P. 101–5102.

3. **Rule 2111. Brief of the Appellant**
   (a) **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
   (1) Statement of jurisdiction.
   (2) Order or other determination in question.
   (3) Statement of questions involved.

2116(a) states, in part, that: "This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."

Thus, since claimant has failed to present a question for our review, we will not consider the merits of her case.

### ORDER

NOW, this 3rd day of April, 1995, the appeal of Zita Grosskopf from the order of the Workmen's Compensation Appeal Board, dated February 9, 1994, at No. A93–1923, is quashed.