# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Wyatt,           :
         Petitioner       :
                             :
         v.             :
                             :
Unemployment Compensation    :
Board of Review,           :    No. 212 C.D. 2015
         Respondent    :    Submitted: August 14, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: September 22, 2015


Christopher Wyatt (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 10, 2014 order affirming the Referee's decision finding Claimant ineligible for UC benefits under Section 402(e) of the UC Law (Law).[1]  Claimant presents three issues for this Court's review: (1) whether the UCBR erred in finding Douglasville Gymnastics and Cheerleading's (Employer) President Paige Etheridge (Etheridge) credible; (2) whether cellular telephone (cellphone) photographs were substantial evidence to support finding that Claimant slept during working hours; and (3) whether the UCBR can deny Claimant UC benefits when he was only a probationary employee.  After review, we affirm.

Claimant was employed by Employer as a full-time gymnastics team and class coach from May 27, 2014 until July 21, 2014.  On July 17, 2014, Etheridge was

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (relating to discharge for willful misconduct).

notified that Claimant had been sleeping in a waiting room while he was on duty. Etheridge was out of town and returned to work on July 21, 2014. On July 21, 2014, Etheridge began an investigation as to whether Claimant had been sleeping. Etheridge observed Claimant sitting on a mat and talking on his cellphone from 10:45 a.m. to 11:45 a.m. when he was supposed to be spotting the uneven bars for a group of girls. On July 21, 2014, Employer discharged Claimant for, among other reasons, not performing his required job duties.

Claimant applied for UC benefits. On August 14, 2014, the Scranton UC Service Center determined that Claimant was eligible for UC benefits under Section 402(e) of the Law. Employer appealed and a Referee hearing was held. On September 25, 2014, the Referee reversed the UC Service Center's determination. Claimant appealed to the UCBR, which affirmed the Referee's decision. Claimant appealed to this Court.[2]

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

---

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747-48 n.4 (Pa. Cmwlth. 2000) (citation omitted).

Although Claimant presents three questions for review in his brief's "Statement of Questions," in the "Argument" section of his brief, he only addresses one issue as follows: "The UCBR should not have used pictures taken by a biased and prejudiced co-worker, and should not look to impose punishment on the weaker appellant, the petitioner." Claimant Br. at 6, 9 (emphasis omitted). Indeed, that one sentence is Claimant's argument in its entirety.

"[W]here issues are raised in the statement of questions involved, but not addressed in the argument section of the brief, courts find waiver." *In re: Condemnation by Commonwealth, Dep't of Transp.*, 76 A.3d 101, 106-07 n.8 (Pa. Cmwlth. 2013). Moreover, "[e]ach part of the argument in a brief must contain the particular point being treated, followed by such discussion and citation of authorities as are deemed pertinent. Pa. R.A.P. 2119(a). Arguments not properly developed in a brief will be deemed waived." *In re: Condemnation of Land for S.E. Cent. Bus. Dist. Redevelopment Area #1 (405 Madison St., City of Chester)*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008). "[I]t is not the Court's role to become [Claimant's] counsel, and when [Claimant's] brief is inadequate to present specific issues for review, the Court will not consider the merits of the case[.]" *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (citing *Grosskopf v. Workmen's Comp. Appeal Bd. (Kuhns Market)* 657 A.2d 124 (Pa. Cmwlth. 1995)). Here, Claimant failed to include his appealed issues in the Argument section of his brief, and he did not develop the single issue he did include therein. Therefore, Claimant's issues are deemed waived, and this Court may not consider them.

Notwithstanding, because the UCBR made its determination exclusively based on Etheridge's testimony, Claimant's argument pertaining to "pictures" has no merit. Specifically, the UCBR opined:

3

[Employer] discharged [C]laimant for, among other reasons, loafing or non–activity during work hours. [Etheridge] credibl[y] testified that she observed [C]laimant on his cellphone sitting on a mat from 10:45 a.m. to 11:45 a.m. on July 21, 2014. [Etheridge] testified that [C]laimant was supposed to [be] spotting the uneven bars for a group of girls while he was on his cellphone. The [UCBR] finds that [C]laimant's use of his cellphone while on duty disregarded the standards of behavior which the employer has a right to expect of an employee.[3]

. . . .

Because the [UCBR] found that [C]laimant committed willful misconduct for at least one of the reasons why he was discharged, there is no reason to address the other issues that resulted in [C]laimant's termination. A claimant who is discharged for multiple reasons is ineligible for [UC] benefits even if one of those reasons is considered willful misconduct under Section 402(e) of the Law.

UCBR Dec. at 2. We discern no error in the UCBR's decision.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[3] "[T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Wyatt,                          :
                  Petitioner       :
                                   :
               v.                      :
                                     :
Unemployment Compensation                   :
Board of Review,                            :      No. 212 C.D. 2015
                  Respondent      :

## O R D E R

     AND NOW, this 22nd day of September, 2015, the Unemployment Compensation Board of Review's December 10, 2014 order is affirmed.

                                 _____
                                  ANNE E. COVEY, Judge