## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debbie Hughey,                                    :
                              Petitioner          :
                                                  :
              v.                                  :
                                                  :
Workers' Compensation Appeal                      :
Board (Andorra Woods Healthcare                   :
Center, Gallagher Bassett Services,               :
Ace American Insurance Company,                   :
Uninsured Employer's Guaranty Fund,               :
and Rest Haven Nursing Center),                   :    No. 303 C.D. 2017
                              Respondents          :    Submitted: December 22, 2017


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                  FILED: January 31, 2018


Debbie Hughey (Claimant) petitions this Court, pro se, for review of the Workers' Compensation (WC) Appeal Board's (Board) January 13, 2017 order affirming Workers' Compensation Judge (WCJ) Joseph Hagan's (Hagan) decision denying Claimant's three Penalty Petitions (Penalty Petitions) and Petition to Reinstate Compensation Benefits (Reinstatement Petition) (collectively, Petitions). There are two issues before this Court: (1) whether Claimant's appeal was timely filed; and, (2) whether the Board erred by affirming WCJ Hagan's denial of Claimant's Petitions.[1] After review, we dismiss Claimant's appeal.

On December 5, 2011, Claimant sustained work-related injuries in the course and scope of her employment as a registered nurse for Lyric Health Care/Andorra Woods Healthcare Center (Employer). On January 4, 2012, Employer

---

[1] Claimant listed numerous issues in her Petition for Review, Statement of Questions Involved and her Summary of Argument which will be discussed more fully below.

issued a medical-only Notice of Compensation Payable accepting injuries described as multiple strains/sprains. On January 13, 2012, Claimant filed a claim petition alleging injuries to her low back, left knee, neck and shoulders, and full disability beginning December 5, 2011. The claim petition was withdrawn by counsel who is no longer representing Claimant. On May 10, 2012, Employer filed a termination petition. Employer filed a request for supersedeas that WCJ Stephen Harlen (Harlen) denied on June 18, 2012.

The case was reassigned to WCJ Hagan after WCJ Harlen recused.[2] By January 28, 2015 order, WCJ Hagan granted Employer's supersedeas request as to indemnity benefits. Claimant, pro se, appealed from the grant of supersedeas, and Claimant's former counsel requested reconsideration at a hearing on March 2, 2015. The Board dismissed Claimant's appeal from the grant of supersedeas because it was an interlocutory order.

Thereafter, Claimant filed a motion seeking WCJ Hagan's recusal. On May 18, 2015, WCJ Hagan held a hearing on the recusal motion. On May 21, 2015, WCJ Hagan denied Claimant's recusal motion and set a new briefing schedule. Claimant appealed from the May 21, 2015 order to the Board, and Employer filed a motion to quash. By August 31, 2015 order, the Board granted Employer's motion to quash and dismissed Claimant's appeal. Claimant appealed to this Court, and Employer filed another motion to quash. By February 10, 2016 order, this Court granted Employer's motion and dismissed the appeal. Claimant petitioned for allowance of appeal to the Pennsylvania Supreme Court, which was denied.

When the record closed before WCJ Hagan in 2015, more than 40 petitions had been filed. Claimant had filed 27 penalty petitions, 5 review petitions, 2 modification petitions, a medical review petition and a reinstatement petition.

---

[2] WCJ Harlen recused himself in December 2014, after Claimant filed complaints against him and numerous attorneys for alleged ethical violations.

2

Employer filed a termination petition and 2 review petitions. All the petitions were consolidated and, in December 2015, WCJ Hagan issued 2 decisions granting Employer's petitions and denying Claimant's petitions. On December 4, 2015, WCJ Hagan denied the Penalty Petitions and the Reinstatement Petition as duplicative and repetitious. Claimant appealed from both decisions to the Board which, on January 13, 2017, affirmed WCJ Hagan's decisions. In its Opinion, the Board notified Claimant that she had 30 days from the mailing date of January 13, 2017, to appeal to the Commonwealth Court.

On February 16, 2017, Claimant filed a letter with this Court stating that she tried to file an appeal from the Board's January 13, 2017 order through PACFile,[3] but it was rejected (February 16, 2017 Letter). Claimant subsequently filed her Petition for Review.[4] By April 21, 2017 order, this Court directed the parties to address in their principal briefs on the merits whether the appeal is timely.

> We note that [Claimant] waited until [she filed] h[er] reply brief to raise a number of arguments as to why h[er] [appeal] should not be dismissed as untimely. The opportunity for, and the extent of, a reply brief is limited. The Pennsylvania Rules of Appellate Procedure make clear that an 'appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief.' Pa.R.A.P. 2113(a). Thus, an appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief. 16 Standard Pennsylvania Practice 2d § 89.5; *see Leonard S. Fiore, Inc. v. [Dep't] of Labor [&] Indus[.], Prevailing Wage Appeals [Bd.], . . .* 585 A.2d 994 ([Pa.] 1991) (motion

---

[3] PACFile is a service that provides parties the ability to electronically file documents on both new and existing cases with the Pennsylvania courts.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

to suppress portions of appellant's reply brief which reargued issues previously raised and argued in appellant's brief granted); *Park v. Chronister, . . .* 617 A.2d 863, 871 ([Pa. Cmwlth.] 1992) . . . . When an appellant uses a reply brief to raise new issues or remedy deficient discussions in an initial brief, the appellate court may suppress the non-complying portions. Pa.R.A.P. 2101. If the defects in a brief are substantial, appellate courts have the discretion to quash or dismiss the appeal. Pa.R.A.P. 2101; *see Grosskopf v. [Workmen's Comp. Appeal Bd.] (Kuhns M[kt.]),* 657 A.2d 124 (Pa. Cmwlth. 1995) . . . . ; *Commonwealth v. Taylor, . . .* 451 A.2d 1360 ([Pa. Super.] 1982). The onus of complying with the rules of appellate procedure falls entirely on [appellant], who may suffer consequences from committing prejudicial errors.

*Commonwealth v. Fahy,* 737 A.2d 214, 218 n.8 (Pa. 1999).

Notwithstanding, in the "Summary of the Arguments" [sic] portion of Claimant's reply brief,[5] she asserted:

> [Claimant] did timely file her [a]ppeal[]. The PACFile System blocked her from filing it electronically. Then, the date that the Court's [p]ersonnel listed in the record is the date that they claimed that they received it; whereas, it was postmarked on the [sic] February 13, 2017; still making it timely.

Claimant Reply Br. at 11. The above-quoted language is Claimant's entire timeliness argument.

With respect to whether Claimant's appeal should be deemed filed on the date it was postmarked, *i.e.*, the mailbox rule, Pennsylvania Rule of Appellate Procedure 121(a) provides, in relevant part:

> **A *pro se* filing submitted by a prisoner incarcerated in a correctional facility** is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably

---

[5] This is the only place in Claimant's reply brief where the timeliness issue is mentioned.

> verifiable evidence of the date that the prisoner deposited
> the *pro se* filing with the prison authorities.

Pa.R.A.P. 121(a) (emphasis added). Because Claimant is not a prisoner incarcerated in a correctional facility, and there is no other Appellate Rule permitting its use, the mailbox rule does not apply herein.

Relative to PACFile rejecting Claimant's appeal, according to Claimant's February 16, 2017 Letter, her appeal was rejected because she was seeking to file in forma pauperis (IFP), and IFP filings must be submitted on paper. Although this may explain why Claimant could not PACFile, it does not excuse her late filing.

> It is well[-]established that failure to timely appeal an administrative agency's action is a jurisdictional defect; consequently, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Serv*[.] *Comm*['*n*]*, City of Phila*[.]*,* 695 A.2d 921 (Pa. Cmwlth. 1997). An appeal nunc pro tunc may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his or her counsel or a third party. *Cook v. Unemployment Comp*[.] [*Bd.*] *of Review, . . .* 671 A.2d 1130 ([Pa.] 1996); *Sofronski.*

*H.D. v. Pa. Dep't of Pub. Welfare,* 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

Here, Claimant attempted to file her appeal electronically the Saturday before the deadline. The fact that she could not do so via PACFile because of her request to file IFP, while unfortunate, is not "fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, . . . her counsel or a third party . . . ." *Id.* Rather, the untimeliness was due to Claimant's negligence in not determining in advance whether she could file her appeal electronically, and in waiting until the Saturday before the deadline to attempt to

PACFile.  Under the circumstances, this Court is constrained to hold that Claimant's appeal is untimely.

Nevertheless, had Claimant's appeal been timely filed, she waived the issues she sought to raise on appeal.  Claimant's Petition for Review sets forth numerous "base[s]" for appeal, including but not limited to, "discrimination, fraud, violations[ and] collusion[.]"  Petition for Review at 1.  Claimant's "Statement of Questions Involved" includes three issues involving the "Uninsured Employer Guaranty Fund[.]"  Claimant Br. at 6.  Claimant's "Summary of Argument" lists nine issues,[6] including but not limited to, "illegally chang[ing] the [c]aption and the [p]arties in the [WC c]ases . . . ."[7]  Claimant Br. at 12.  None of the issues Claimant presented in her Petition for Review are the same as those raised in her brief, and none of the issues listed in her Statement of Questions Involved correspond to those raised in her Summary of Argument.  Moreover, none of the issues Claimant raised are supported by any analysis or legal authority.[8]

> It is well-settled that if an issue is not raised in a petition for review, then the issue is waived for purposes of appellate review, even if a petitioner addresses the issue in his brief. [*See*] Pa.R.A.P. 1513; *Jimoh v. Unemployment Comp*[.] [*Bd*.] *of Review,* 902 A.2d 608 (Pa. Cmwlth. 2006) (concluding that an issue argued in the brief on appeal, but not raised in the petitioner's petition for review or fairly comprised therein is waived).

---

[6] Claimant's issues are numbered: 1, 2, 3, 4, 5, 6, 9, 10, and 11.  *See* Claimant Br. at 12-15. It appears the brief originally included an additional page which Claimant excluded and then renumbered the remaining pages.  *See* Claimant Br. at 15-16.

[7] The Summary of Argument section of a brief is not the proper location for a party to list the issues before the Court.  *See* Pennsylvania Rules of Appellate Procedure 2116 and 2118, Pa.R.A.P. 2116, 2118.

[8] Claimant's brief does not include an Argument section as required by Pennsylvania Rule of Appellate Procedure 2111.

*Glunk v. Dep't of State,* 102 A.3d 605, 611 (Pa. Cmwlth. 2014). Further, because the issues raised in Claimant's Petition for Review and in her Summary of Argument are missing from her Statement of Questions Involved,

> [they are] waived. *Williams v. Workers' Comp*[.] *Appeal* [*Bd.*] *(USX Corp*[.]-*Fairless Works),* 862 A.2d 137, 141 (Pa. Cmwlth. 2004) ('[c]laimant has failed to raise this issue anywhere within his Statement of the Questions Presented, and for that reason, it is waived.'); Pa.R.A.P. 2116(a) ('No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.').

*Glunk,* 102 A.3d at 611 n.17. Finally,

> [Claimant] has failed to adequately develop [any] issue[] in h[er] brief as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, which states:
>
> > The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctively displayed - the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*
>
> Pa.R.A.P. 2119(a) (emphasis added). Additionally, this Court has held, '[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.' *Commonwealth v. Feineigle,* 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997). 'Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.' *Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002). The issues cited above are conclusory statements with no supporting analysis or citation to legal authority.

*Boneilla v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008). Accordingly, even if Claimant's appeal was timely filed, there are no issues for this Court to address.

7

For all of the above reasons, Claimant's appeal is dismissed as untimely.[9]

Judge McCullough did not participate in the decision in this case.

---

[9] Based upon this Court's disposition of the timeliness issue, it need not address the second issue.

On September 1, 2017, Claimant filed an application for supersedeas. By September 12, 2017 order, this Court denied Claimant's supersedeas application "for failure to allege that the [Board] previously denied the relief [Claimant] seeks from the [C]ourt." September 12, 2017 Order. On December 22, 2017, Claimant filed a second application for supersedeas (Application). Based on the above disposition, the Application is denied as moot. Notwithstanding, the Application would have been denied because Claimant, again, failed to allege that the Board previously denied the relief she seeks from this Court. *See* Pa.R.A.P. 1781(a).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debbie Hughey,                :
              Petitioner     :
                                 :
        v.                   :
                                 :
Workers' Compensation Appeal     :
Board (Andorra Woods Healthcare    :
Center, Gallagher Bassett Services,   :
Ace American Insurance Company,    :
Uninsured Employer's Guaranty Fund,  :
and Rest Haven Nursing Center),     :    No. 303 C.D. 2017
              Respondents   :

PER CURIAM

## O R D E R

AND NOW, this 31st day of January, 2018, Debbie Hughey's (Claimant) appeal is dismissed and Claimant's second application for supersedeas is denied as moot.