# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd S. Green, : 
                    Petitioner : 
                              : 
          v.                 : No. 550 C.D. 2018
                              : Submitted: December 21, 2018
Pennsylvania Board            : 
of Probation and Parole,      : 
                    Respondent :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: April 5, 2019**

Todd S. Green (Green) petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) mailed on March 23, 2018. In that Order, the Board denied Green's administrative appeals from the Board's decision, mailed July 7, 2017, (Decision) recommitting Green as a convicted parole violator (CPV) to serve 12 months of backtime and recalculating his maximum date from August 24, 2016, to August 13, 2019. On appeal, Green argues the presumptive range of 9 to 15 months for simple assault, set forth in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2, and relied upon by the Board to impose 12 months of backtime, is unconstitutional. He also asserts the Board's Decision was not proper or constitutional because the Board did not give him credit for time he

alleges he spent in custody solely on the Board's detainer, did not explain why it denied him credit for the time he spent at liberty on parole (street time), and impermissibly extended his original, judicially imposed 10-year sentence. Upon review, we affirm.

## I. Background

The Board paroled Green from a 5- to 10-year sentence for burglary via a decision dated April 7, 2014, and he was released on May 8, 2014. (Reproduced Record (R.R.) at 10, 12.) At the time of his parole, Green's maximum date was August 24, 2016. (*Id.*) On August 11, 2015, Green was arrested on a variety of new charges, including simple assault (second degree misdemeanor), and was held at the Montgomery County Prison (County Jail). (*Id.* at 19, 23, 26-27, 39.) The Board issued a Warrant to Commit and Detain Green based on these new criminal charges on the same day. (*Id.* at 33.) Green waived his detention hearing and his right to counsel, and the Board ordered that Green be detained pending disposition of the new charges. (*Id.* at 36, 42.) On August 25, 2016, the day after Green's original maximum date expired, the Board declared Green delinquent for control purposes[1] effective August 3, 2015. (*Id.* at 45.) Green posted bail, reset from $50,000 to $1, on the new charges on November 23, 2016.[2] (*Id.* at 52.)

---

[1] The Board's action in declaring a parolee delinquent for control purposes is an administrative action that does not reflect that there has been a final disposition of the parolee's case. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013) (citation omitted). Rather, it "earmark[s a] case for close review upon disposition of [any] outstanding . . . charge[s]." *Passaro v. Pa. Bd. of Prob. & Parole*, 499 A.2d 725, 726 (Pa. Cmwlth. 1985).

[2] Green asserts that, at this time, he was confined in County Jail solely on the Board's detainer, notwithstanding the expiration of his original maximum sentence. (Green's Brief (Br.) at 5.)

2

On March 8, 2017, Green pled guilty to simple assault, a second degree misdemeanor,[3] he was sentenced to 11 ½ to 23 months in County Jail and the payment of costs, and the remaining charges were nolle prossed.[4] (*Id.* at 53-54, 69-70.) The Court of Common Pleas of Montgomery County (trial court) granted Green credit for the period between August 11, 2015, (the date of his arrest), and July 24, 2016, (the date his new minimum sentence was reached). Green was transported to State Correctional Institution at Graterford (SCI-Graterford) on April 26, 2017.[5] (*Id.* at 73, 83.)

Green waived his right to counsel and a revocation hearing on April 26, 2017, admitting that his new conviction violated his parole. (*Id.* at 77-78.) The Hearing Report reflects the denial of credit for Green's street time with the notations that the "new conviction is assaultive" and "H[earing] E[xaminer] rec[ommends] no credit for street time." (*Id.* at 87, 92.) Thereafter, the Board mailed Green the Decision recommitting him to serve 12 months' backtime as a CPV for the offense of simple assault and setting his new maximum date as August

---

[3] Green was charged with and pleaded guilty to simple assault in violation of Section 2701(a)(1) of the Crimes Code, 18 Pa. C.S. § 2701(a), which provides that "a person is guilty of assault if [the person]: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." (R.R. at 54.)

[4] Although Green asserts in his brief that his new sentence was to run concurrent to his other sentences, the sentencing sheet and criminal docket do not reflect this. (*Id.* at 54, 69-70.)

[5] Notations in a Supervision History for Green reflect that Green did not notify the Board of his sentencing on March 8, 2017, and the Board declared him delinquent effective April 21, 2017, after attempts were made to locate him. (*Id.* at 83.) On April 26, 2017, the Board issued a new Warrant to Commit and Detain, with the notation that although Green's original maximum date had been August 24, 2016, that sentence was being extended due to his new conviction following the required proceedings. (*Id.* at 71-72.) Green was taken into custody at the Montgomery County Adult Probation Office on April 26, 2017. (*Id.* at 83.) Green indicates in his brief that it was clear that he had always been confined at County Jail from his arrest date in August 2015 until he was transported to SCI-Graterford on April 26, 2017. (Green's Br. at 6.)

13, 2019, which reflected that Green had not been granted any credit against his original sentence. (*Id*. at 93-94.) The Board's Order to Recommit reflected that Green had 839 days remaining on his original sentence when he was paroled, he was granted no credit to offset any of those days, and adding those days to his return to custody date (April 26, 2017) resulted in a new maximum date of August 13, 2019. (*Id.* at 95.)

Green filed an Administrative Remedies Form dated July 17, 2017, requesting the Board to "reconsider[] and reduc[e] the 12 months that [he] ha[d] been ordered to serve" given his positive parole history, his maintenance of employment while on parole, his taking responsibility for his poor decision, which led to his simple assault conviction, and health issues with his family. (*Id.* at 98-99.) He submitted additional correspondence to the Board, dated July 24, 2017, claiming the Board lacked jurisdiction to change his judicially imposed maximum date and he was being unlawfully punished due to an illegal contract into which he and the Board entered. (*Id.* at 103-07.)

The Board responded, in the March 23, 2018 Order, to the July 17, 2017 Administrative Remedies Form and the July 24, 2017 correspondence, which it interpreted as arguing the Board "did not have the authority to recalculate [his] max[imum] date" and "imposed an excessive recommitment term." (*Id.* at 108.) On the first issue, the Board held that, under Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2),[6] it had the statutory authority to recommit him as a CPV without giving him any credit for his street time. (*Id.*)

---

[6] Section 6138(a)(2) of the Code provides that if a CPV is recommitted, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(2).

The Board noted it had advised Green of this potential penalty in his parole conditions, Green's ability to challenge the recalculation after it was imposed satisfied due process, and the recalculation did not violate any other constitutional provisions, including those relating to double jeopardy. (*Id.*) On the second issue, the Board held that the recommitment term was not excessive because it fell within the presumptive range set forth in Section 75.2 of its regulations for the crime to which he pled guilty and, therefore, its decision was not subject to review on appeal. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). Green now petitions this Court for review.[7]

## II. Discussion
### A. *Did the Board rely on an unconstitutional presumptive range for simple assault to calculate Green's backtime?*

Green first argues the 9- to 15-month presumptive range for simple assault, upon which the Board relied to set his backtime at 12 months, is unconstitutional. He asserts that simple assault is typically graded a second-degree misdemeanor, but can be graded a first-degree misdemeanor,[8] which he believes could lead to the application of a different presumptive range. Green observes that, under the Board's regulation, other second-degree misdemeanors carry shorter presumptive

---

[7] In reviewing the Board's order, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." *Andrews v. Pa. Bd. of Prob. & Parole*, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

[8] Per section 2701(b) of the Crimes Code, simple assault is generally a second-degree misdemeanor, unless the crime was committed "in a fight or scuffle entered into by mutual consent" or "against a child under 12 years of age by a person 18 years of age or older." 18 Pa. C.S. § 2701(b). In those cases, the grading is, respectively, a third-degree misdemeanor and a first-degree misdemeanor. *Id.*

ranges, for example three to six months.[9]  In light of these issues, he argues the presumptive range for simple assault is void for vagueness and violates due process because it fails to provide notice that depending on how the crime is graded results in a different presumptive range.  Green further maintains that in treating simple assault differently than other second-degree misdemeanors, the regulation violates principles of equal protection of the law.  Thus, in applying the unconstitutional presumptive range, the Board violated Green's constitutional rights.

The Board responds that Green's arguments that the applicable presumptive range for simple assault is unconstitutional are waived because they were not raised in his July 17, 2017 Administrative Remedies Form or July 24, 2017 correspondence.  The Board asserts that, in the former, Green asked for leniency from the 12 months of backtime but did not claim that the 12 months was outside the presumptive range or that the presumptive range was unconstitutional.  In the latter, the Board points out that Green asserted the Board did not have the authority to alter the judicially imposed maximum sentence and there was an illegal contract for which he was being unlawfully punished, neither of which challenges the constitutionality of the backtime the Board imposed.  It further argues that, if not waived for failure to preserve the issue before the Board, Green has waived his constitutional claims because the arguments in his brief are conclusory and not

---

[9] The other second-degree misdemeanors addressed by the regulation, and their respective presumptive ranges, are criminal mischief, theft, theft by deception, receiving stolen property, theft of services, and retail theft, all of which have a presumptive range of 3 to 6 months, and bad checks, which has a presumptive range of 6 to 12 months.  37 Pa. Code § 75.2.  Section 75.2 also refers to the offense of "credit," which, when graded a second-degree misdemeanor, has a presumptive range of three to six months.  It is unclear what section of the Crimes Code defines this offense.

6

adequately developed with citation to supporting legal authority. *Newlin Corp. v. Dep't of Envtl. Res.*, 579 A.2d 996, 1000 (Pa. Cmwlth. 1990) (stating issues not properly raised and developed in a party's brief will not be considered by the Court). On the imposition of the 12 months of backtime, the Board argues this period falls within the presumptive range for simple assault and, therefore, its discretion should not be disturbed by the Court. *Smith*, 574 A.2d at 560. The Board also argues that, to the extent Green attempts to apply "sentencing principles" to the imposition of backtime, those attempts are misplaced. (Board's Brief (Br.) at 8 (citing *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047-48 (Pa. Cmwlth. 1984) (distinguishing between "backtime" and a "sentence")).)

Section 75.2 of the Board's regulations establishes the presumptive range for simple assault, regardless of its grading, as 9 to 15 months. 37 Pa. Code § 75.2. Where the Board imposes backtime that falls within the presumptive range, this "Court will not entertain challenges to the propriety of the term of recommitment." *Smith*, 574 A.2d at 560. Moreover, backtime is not a sentence for a new conviction, but is the part of the existing sentence that the Board directs a parolee to serve after the parolee is found, in a civil proceeding, to have violated parole, and the parolee must serve that backtime before becoming eligible for reparole. *Krantz*, 483 A.2d at 1047-48. Thus, absent Green's constitutional challenge to the presumptive range itself, the Board's Order would be upheld because the 12 months of backtime imposed in the July 7, 2017 Decision fell within the presumptive range for Green's offense. However, after reviewing Green's July 17, 2017 Administrative Remedies Form and July 24, 2017 correspondence to the Board, as well as his brief, we must conclude those constitutional arguments are waived.

7

Section 703(a) of the Administrative Agency Law provides that a "party may not raise upon appeal any . . . question not raised before the agency." 2 Pa. C.S. § 703(a). This provision is echoed in Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure, which states that

> No question shall be heard or considered by the court which was not raised before the government unit except:
>
> (1)     Questions involving the validity of a statute.
>
> (2)     Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3)     Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit . . . .

Pa.R.A.P. 1551(a). If a question has not been raised before the government unit and does not fall into one of the three exceptions, that question is waived. *Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 364-65 (Pa. Cmwlth. 2015).

A review of the July 17, 2017 Administrative Remedies Form and the July 24, 2017 correspondence reveals that neither challenge, as unconstitutional, the backtime the Board imposed for Green's conviction for simple assault. In the former, Green sought review of his "Reparole Eligibility Date," but only requested that the Board reconsider the length of the backtime imposed because of his positive parole history, his history of employment while on parole, his taking responsibility for his actions, and the poor health of several members of his family. (R.R. at 98-99.) The latter contains no reference to his reparole eligibility or the backtime the Board imposed. (*Id.* at 103-07.) Accordingly, Green's arguments to the Board did not relate to the constitutionality of the backtime imposed and were not preserved therein.

8

Moreover, the exceptions to Rule 1551(a) do not apply here to allow the Court to consider these issues. Green is not challenging the constitutionality of the Code, but challenges the constitutionality of the presumptive range for simple assault in Section 75.2. "[A]n agency is competent to pass upon the validity of its own rules and regulations." *Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020, 1025 (Pa. Cmwlth. 2002). And, "the Board clearly has jurisdiction in parole matters to determine whether a parolee's new criminal conviction warrants recommitment and a recalculation of a maximum sentence date." *Price*, 117 A.3d at 365. Finally, Green does not assert that he failed to raise the constitutional issues based upon the failure to discover the existence of those issues, despite his exercise of due diligence. Therefore, Green has not preserved these issues for consideration on appeal. *Id.*

Even if Green's administrative appeals could be broadly read to include such challenges or an exception to waiver under Rule 1551(a) did apply, an issue can also be waived if it is not properly developed in an appellate brief. *Balshy v. Pa. State Police*, 988 A.2d 813, 834 n.9 (Pa. Cmwlth. 2010); *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998). "[G]eneral statements, unsupported by citation to applicable authority" do not adequately develop an argument. *Rapid Pallet*, 707 A.2d at 638 (quoting *Estate of Lakatosh*, 656 A.2d 1378, 1381 (Pa. Super. 1995)). Here, Green's constitutional argument is as follows:

> In light of the same, the presumptive range for simple assault is void for vagueness; fails to provide anyone with notice of their [sic] possible sentence depending upon how the crime is graded and, therefore violates due process; and, in having a range different from all other [second-degree] misdemeanors, denies someone convicted of [second-degree] simple assault with equal protection of the laws and should be held unconstitutional under both the United States

9

Constitution and the Constitution of the Commonwealth of Pennsylvania.

(Green's Br. at 13.) The brief provides no citation to legal authority in support of the constitutional arguments and does not set forth or apply the relevant legal tests for determining whether a regulation is void for vagueness, violates due process, or violates equal protection. Rather, the brief asserts "general statements" regarding the unconstitutionality of Section 75.2 when applied to second-degree misdemeanor simple assault, which does not adequately develop the argument. *Rapid Pallett*, 707 A.2d at 638. "[I]t is not our role to become the appellant's counsel" and "[w]hen a brief is inadequate to present specific issues for review, the [C]ourt will not consider the merits" of an issue. *Grosskopf v. Workmen's Comp. Appeal Bd. (Kuhns Mkt.)*, 657 A.2d 124, 125 (Pa. Cmwlth. 1995). Given the lack of development of these arguments, we will not consider their merits.[10] *Id.*

### B. Did the Board err in recalculating Green's maximum date?

Green next argues the Board must follow the law in determining whether to and for how long to recommit a parolee as a CPV and it did not do so here because it did not address whether Green was entitled to any credit towards the 839 days remaining on his original sentence. Citing *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), Green argues the Board must be equitable in granting sentence credit where a parolee was held on the Board's

---

[10] We note, however, that the second-degree misdemeanors that have shorter presumptive ranges are offenses against property, unlike simple assault, which relates to causing or attempting to cause bodily injury. *Compare* Section 2701 of the Crimes Code, 18 Pa. C.S. § 2701 (simple assault) *to* Sections 3304, 3922, 3925, 3926, 3928, 3929, and 4105, 18 Pa. C.S. §§ 3304 (criminal mischief), 3922 (theft by deception), 3925 (receiving stolen property), 3926 (theft of services), 3928 (unauthorized use of automobiles and other vehicles), 3929 (retail theft), and 4105 (bad checks).

detainer and there is no other sentence of incarceration to which the credit can be applied. Because common pleas credited Green for his presentence confinement only to July 24, 2016, he argues the Board should have credited him for the remainder of the time he spent in County Jail beyond that date, particularly after November 28, 2016, which was when he posted bail on his new charges and he alleges he was detained solely on the Board's detainer. Green also argues the Board did not explain why it denied him credit for his 456 days of violation-free street time as permitted by Section 6138(a)(2.1) of the Code, 61 Pa. C.S. § 6138(a)(2.1),[11] which is contrary to *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 468, 473 (Pa. 2017).

The Board argues Green waived any challenge to the Board's recalculation of his maximum date, including under *Martin* and *Pittman*, because he did not

---

[11] Section 6138(a)(2.1) provides:

**(a) Convicted violators.—**
. . . .
(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1). Subsection 2.1 was added to the Code by Section 15 of the Act of July 5, 2012, P.L. 1050. Neither exception to the Board's discretion to award credit applies to Green.

11

specifically challenge the recalculation of that date beyond asserting the Board lacked the authority to extend the maximum date past the original August 24, 2016 date set by the sentencing court. On the merits, the Board contends it properly recalculated Green's maximum date because, once Green was recommitted as a CPV, it had the statutory authority to require him to serve the remainder of his original term with no credit for his street time. 61 Pa. C.S. § 6138(a)(2); *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). *Pittman* and *Martin* do not require reversal, the Board argues, because, respectively, the Board provided a contemporaneous explanation for denying Green street time credit, as required by *Pittman*, in its Hearing Report, (R.R. at 92), and Green's presentence confinement did not exceed his maximum sentence for the new conviction and, therefore, the presentence time that the trial court did not credit towards Green's new sentence may not be credited to his original sentence. *Armbruster*, 919 A.2d at 355 (distinguishing *Martin* based on a lack of "excess" presentence confinement). The Board contends any correction to that credit determination has to be done by the trial court, not the Board. *Id.* Finally, the Board presents multiple reasons why its use of April 26, 2017, the day he was taken into the Board's custody and transferred to SCI-Graterford, as Green's return to custody date was correct.[12]

---

[12] The Board first asserts that when Green posted bail on the new charges in November 2016, it was after the expiration of his original maximum date, at a point when he was no longer detained by the Board. (Board action declaring Green delinquent on August 25, 2016, R.R. at 45; criminal docket reflecting the posting of bail on November 23, 2016, R.R. at 52.) Second, it argues that, because Green was sentenced to county incarceration, he had to serve that sentence before resuming his original sentence, 61 Pa. C.S. § 6138(a)(5)(iii) (setting forth the order in which sentences must be served), and it maintains that it appears that, following his guilty plea **(Footnote continued on next page…)**

With limited exceptions not applicable here, an issue is waived for review by an appellate court if the issue is not presented to the government agency in the first instance. 2 Pa. C.S. § 703(a); Pa.R.A.P. 1551(a); *Price*, 117 A.3d at 365. In his July 17, 2017 Administrative Remedies Form, Green did not assert a "Sentence Credit Challenge," but challenged his "Reparole Eligibility Date." (R.R. at 99.) His written argument in support of that challenge made no reference to the recalculation of his maximum date. (*Id.* at 98.) In his July 24, 2017 correspondence, Green did argue the Board erred in changing his original maximum date, but based on the contention that the Board lacked the legal authority to extend the judicially imposed maximum date. He also mentioned that his "sentence credit" and "order of service of sentence" referenced in "the 'Notice of Board Decision'" should be recalculated so that his "current maximum date properly reflects the same maximum term/maximum date which was Ordered by the [trial c]ourt." (*Id.* at 105.) Such arguments, however, do not challenge "the Board's specific calculations relative to the various time periods at issue," and, therefore, did not preserve a challenge to the manner in which the Board recalculated his maximum sentence, including its credit determination, after his recommitment as a CPV.[13] *Price*, 117 A.3d at 365.

_____

**(continued…)**

and sentencing on March 8, 2017, Green was immediately paroled but did not report to the Board's staff. Finally, the Board notes that Green was declared delinquent on April 21, 2017, "after attempts were made to locate [him]" and Green was subsequently taken into Board custody on April 26, 2017, at the Montgomery County Adult Probation Office pursuant to a new Warrant and Detainer. (R.R. at 71, 83.)

[13] Notwithstanding our dispositional conclusion that Green waived his challenges to the recalculation of his maximum sentence, we note that while *Pittman* requires the Board to "provide a contemporaneous statement explaining its reason for denying a CPV credit for street time," 159 A.3d at 475, the record contains a statement reflecting that Green's new conviction was "assaultive" and the "H[earing] E[xaminer] rec[commends] no credit for street time." (R.R. **(Footnote continued on next page…)**

*C. Did the Board extend Green's judicially imposed maximum sentence?*

Green acknowledges that the Board can, by adding the uncredited days remaining on an original sentence, go beyond the original maximum date of the sentence, but asserts the Board unconstitutionally extended his original maximum sentence of 10 years in its Decision. Green argues that, when the Board recommitted him

> for 12 months for the simple assault, which would be double jeopardy, unconstitutional and beyond the Board's jurisdiction, plus 12 months back[]time for the parole violation, this totals 730 days, the time the Board gave [Green], in addition to the mandatory custodial time credits he was not given, exceeded the remainder of his original sentence and violates the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania [by] extending the court's [10] year sentence.

(Green's Br. at 22.) From this argument, it appears that Green believes the Board's Decision imposed a 12-month "sentence" for simple assault, a second 12-month period of confinement as backtime, and, by not granting Green any credit, the remaining 839 days of his original sentence. This misconstrues the Board's Decision.

_____

**(continued…)**
at 92.) Further, under *Martin* and *Armbruster*, in order for presentence confinement credit to be applied to a parolee's original sentence, the period of presentence confinement must exceed the parolee's new **maximum** sentence. *Armbruster*, 919 A.2d at 355-56. Green's maximum sentence here was 23 months, which would have been until July 11, 2017, several months after Green was returned to SCI-Graterford on April 26, 2017. Finally, while Green posted nominal bail on November 23, 2016, his original maximum sentence had expired by that time, which implicated the Board's legal custody of him, *see* 37 Pa. Code § 63.2 (stating that a "parolee shall remain in the legal custody of the Board until the expiration of his maximum sentence, or until he is legally discharged"), as reflected by the Board's declaring him delinquent on August 25, 2016, and its issuing a new Warrant to Commit and Detain on April 26, 2017, pursuant to which the Board took Green into its custody and transported him to SCI-Graterford. (R.R. at 45, 72-73.)

In that Decision, due to Green's new conviction, the Board recommitted Green to serve 12 months of backtime before he again became eligible for reparole, which is reflected by the notation that he was eligible for reparole on "04/26/2018," 12 months after his return to SCI-Graterford on April 26, 2017. (R.R. at 93.) The Board did not impose a 12-month "sentence" for the simple assault conviction, as is implied by Green's arguments. *Krantz*, 483 A.2d at 1047 (stating "the Board's imposition of backtime is not a sentence on the parole violation nor analogous to a sentence"). Rather, that 12-month period of backtime was imposed based on his admitted violation of his existing parole by committing the criminal offense of simple assault. (Waiver of Revocation Hearing and Counsel/Admission Form, R.R. at 77 (reflecting that Green "knowingly, intelligently, and voluntarily admit[ted] that" he pled guilty to "simple assault (M2) . . . [i]n violation of parole").) These 12 months were not added to Green's original sentence, but were 365 days of the 839 days remaining on that sentence that he had to serve before he could apply to be reparoled. *Krantz*, 483 A.2d at 1047-48. Moreover, to the extent this argument attempts to challenge the Board's credit decision, Green waived his challenges to the recalculation of his maximum date, including his credited-related challenges, as discussed above. Thus, there is no merit in his position that the Board impermissibly extended his original sentence.[14]

---

[14] Moreover, we have held that the Board is authorized by Section 6138(a)(2) of Code to reenter parolees into an SCI to serve the remainder of the term they would have been required to serve had they not been paroled. 61 Pa. C.S. § 6138(a)(2). "[W]hen a parolee is recommitted due to criminal conviction, [the parolee's] maximum sentence date may be extended to account for all street[]time, regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Board does not "usurp[] the judicial function of sentencing" when it makes the parolee "serve the unexpired balance of [the] original **(Footnote continued on next page…)**

### III.     Conclusion

For the foregoing reasons, the Board's Order upholding its Decision recommitting Green as a CPV to serve 12 months of backtime and recalculating Green's maximum date from August 24, 2016, to August 13, 2019, is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

---

**(continued…)**
maximum sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 570 (Pa. 1980). In such circumstances, the Board is not altering the maximum **length** of a parolee's sentence, only the maximum **date** of the sentence.

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd S. Green,                        :
                  Petitioner          :
                                      :
            v.                        :   No. 550 C.D. 2018
                                      :
Pennsylvania Board                    :
of Probation and Parole,              :
                  Respondent          :

# **O R D E R**

    **NOW**, April 5, 2019, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge