IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank J. Cservak, Jr.,       :
            Petitioner      :
                          :
    v.                :  No. 768 C.D. 2022
                          :
Pennsylvania Public Utility    :
Commission,             :
            Respondent   :  Submitted:  October 8, 2024

BEFORE:   HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                FILED:  November 6, 2024

Petitioner Frank J. Cservak, Jr. (Cservak)[1] petitions for review of Respondent Pennsylvania Public Utility Commission's (Commission) June 16, 2022 order, through which the Commission dismissed a complaint Cservak had filed against Duquesne Light Company (Duquesne Light or Company) in 2020. After thorough consideration, we dismiss Cservak's Petition for Review, due to his manifest failure to comply with the Pennsylvania Rules of Appellate Procedure's dictates regarding the contents of his appellate brief and of his reproduced record.

## I. Background

As recounted by the Commission:

> On March 2, 2020, Cservak submitted [a] Complaint [to] the Commission[, in which he alleged that] incorrect charges appeared on his Duquesne Light bills and that the Company [had] improperly threatened to terminate his electric service. Cservak also checked the "Other" box on

---

[1] Cservak was initially represented by counsel in this matter, but is now proceeding *pro se*.

the formal complaint form, indicating that he [had] removed one of the two meters servicing the Property and alleg[ed] a meter twist.[2] On the same day, without knowledge of Cservak's filing and pursuant to a 10-day termination notice that had been posted on his property, Duquesne Light terminated [Cservak's] electric service . . . due to alleged meter tampering, irregular wiring, and a potentially unsafe condition. The 10-day notice indicated that the Company would not turn off service if Cservak paid a $300 tampering fee and obtained a wiring inspection.

. . . .

Duquesne Light filed an Answer and New Matter, complete with a Notice to Plead, on March 20, 2020. The Answer and New Matter denied all material facts in the Complaint and requested dismissal of the Complaint.

On April 24, 2020, Cservak filed his response to Duquesne Light's Answer and New Matter. On April 28, 2020 an Interim Order was issued, which assigned the matter to the Commission's Mediation Unit. The Parties were unable to come to a resolution of the Complaint during mediation, and the matter was scheduled for telephonic hearing before [an administrative law judge (ALJ)].

On June 12, 2020, Duquesne Light filed a Motion for Partial Judgment on the Pleadings (Motion for Partial Judgment) on the basis that there was no issue of material fact regarding the presence of meter tampering at the Property and requested a determination that Duquesne Light properly terminated Cservak's service because of the tampering. No Answer to the Motion for Partial Judgment was filed [by Cservak].

At the hearing on July 9, 2020, the ALJ granted Duquesne Light's Partial Motion for Judgment regarding the meter tampering and related account termination issue. The hearing proceeded on all of the other issues raised in the

---

[2] "Meter twist" refers to the accidental switching of electrical meters, resulting in electrical usage for one account being incorrectly billed to another account. *See* Supplemental Reproduced Record (S.R.R.) at 869a, 875a-79a.

Complaint. The ALJ also took official notice of the pleadings in the case.

The Initial Decision was served on the Parties on March 2, 2021. Cservak filed Exceptions to the Initial Decision on March 24, 2021 and Duquesne Light filed Replies to Exceptions on April 5, 2021.

S.R.R.[3] at 861a-62a (cleaned up).[4]

Cservak raised what amounted to four distinct arguments in those Exceptions. First, Duquesne Light had wrongfully terminated his electrical service in response to Cservak's removal of an electric meter. *Id.* at 870a. Second, Duquesne Light had inaccurately billed him for electricity usage, as shown by data from Cservak's personal metering device. *Id.* at 873a. Third, Duquesne Light had, at some point, mistakenly switched the meter assignments for his Barn and Home accounts. *Id.* at 875a-76a. Finally, the ALJ had not considered various exhibits Cservak had attached to his Complaint; documentation he had previously submitted to the Commission's Bureau of Consumer Services during the informal resolution process that had preceded his formal Complaint; or the particulars of his settlement negotiations with Duquesne Light. *Id.* at 879a.

On June 16, 2022, the Commission issued the aforementioned order, as well as a detailed opinion. Therein, it denied all of Cservak's Exceptions; adopted the

---

[3] This Supplemental Reproduced Record was filed by the Commission. *See* Pa.R.A.P. 2156 (stating, in relevant part: "When, because of exceptional circumstances, the parties are not able to cooperate on the preparation of the reproduced record as a single document, the appellee may, in lieu of proceeding as otherwise provided in this chapter, prepare, serve, and file a supplemental reproduced record setting forth the portions of the record designated by the appellee.").

[4] "By way of background and to aid understanding, Cservak's property at 174 Barberry Road, Sewickley Heights, PA[,] . . . contained two separate structures: a residential dwelling (the Home) and a commercial rentable barn venue (the Barn). . . . [B]oth the Home and the Barn had solar array panels and net electric service meters with separate account numbers at the time the instant dispute arose." S.R.R. at 860a (cleaned up).

ALJ's Initial Decision in full; granted Duquesne Light's Motion for Partial Judgment regarding termination of Cservak's electrical service; and dismissed Cservak's Complaint. *Id.* at 872a-73a, 875a, 878a-81a. This appeal followed shortly thereafter.

## II. Discussion

Under normal circumstances, we would now consider the merits of Cservak's appellate arguments. Unfortunately, we are prevented from doing so by Cservak's abject failure to comply with the Pennsylvania Rules of Appellate Procedure's requirements regarding the contents of his appellate brief and of his reproduced record. "The Pennsylvania Rules of Appellate Procedure delineate explicit requirements for writing appellate briefs [and for submitting reproduced records], as well as the penalty for failing to comply with these rules." *Grosskopf v. Workmen's Comp. Appeal Bd. (Kuhns Mkt.)*, 657 A.2d 124, 125 (Pa. Cmwlth. 1995). Per Pennsylvania Rule of Appellate Procedure 2101:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

In this instance, Cservak has failed to comply with the Pennsylvania Rules of Appellate Procedure's dictates in multiple ways. First, his brief is not organized into clearly defined and labelled sections, and does not have the Commission's June 16, 2022 opinion and order appended thereto, in violation of Rule 2111. Second, the brief does not include the text of the Commission's order, in violation of Rule 2115. Third, the brief is devoid of a statement of the case, in violation of Rule 2117. Fourth, the brief's argument section is simply two sub-paragraphs, which do not contain any

4

legal analysis or citations to the record, and consist entirely of conclusory statements, in violation of Rule 2119. *See* Cservak's Br., ¶5. Finally, Cservak's reproduced record *contains no documents or docket entries whatsoever*; instead, this so-called "record" is a 58-paragraph-long narrative statement, through which Cservak offers his recollection regarding the events that led to this appeal. *See* Reproduced Record, ¶¶1-58. Given this, we conclude that Cservak's brief and reproduced record are substantially defective.

### III. Conclusion

Accordingly, we dismiss Cservak's Petition for Review.[5]

ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[5] It also bears mentioning that, even if we were to ignore Cservak's technical noncompliance with the Pennsylvania Rules of Appellate Procedure, it remains that he has *also* waived all of his appellate issues by failing to offer sufficiently fleshed-out arguments in his brief. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."); *Browne v. Com.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank J. Cservak, Jr.,                    :
                    Petitioner           :
                                          :
        v.                                : No. 768 C.D. 2022
                                          :
Pennsylvania Public Utility               :
Commission,                               :
                    Respondent            :

## **O R D E R**

AND NOW, this 6th day of November, 2024, it is hereby ORDERED that Petitioner Frank J. Cservak, Jr.'s Petition for Review is DISMISSED.

ELLEN CEISLER, Judge