**RAPID PALLET, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 1997.
Decided Feb. 25, 1998.

James A. Sposito, Scranton, for petitioner.

James K. Bradley, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS, President Judge, and SMITH and FRIEDMAN, JJ.

SMITH, Judge.

Rapid Pallet (Employer) petitions this Court for review of the decision of the Unemployment Compensation Board of Review (Board) that affirmed the referee's grant of unemployment benefits to Kevin Calabrese (Claimant). The referee affirmed the Job Center's determination to grant benefits to Claimant pursuant to the "voluntary quit" and "able and available for work" provisions of Sections 402(b) and 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 802(b) and 801(d)(1).

Employer raises six issues on appeal:

I. Whether or not the Order of the Unemployment Compensation Board of Review was supported by substantial evidence?

II. Whether or not the Order of the Unemployment Compensation Board of Review, was erroneous in affirming the Referee's findings that the employee was correct in his complaints of the motor vehicle, and whether or not said complaints justified his refusal to do any and all type of work?

III. Whether or not the Order of the Unemployment Compensation Board of Review erred in affirming the Referee's Decision, because the Referee failed to take into consideration the availability of other work or vehicles to the Claimant so that he may continue working?

IV. Whether or not the Unemployment Compensation Board of Review erred in affirming the Referee's Decision based on the misrepresentations of the Claimant as being unfounded in fact and law?

V. Whether or not the conduct of the Employee was willful misconduct in refusing to work or accept other vehicles or other types of employment?

VI. Did the Board of Review err as a matter of fact and law in not taking into consideration work available to the Claimant or taking the Claimant's unsubstantiated testimony over that of the Employer?

Brief of Appellant, pp. 2—3.

Claimant worked for Employer as a contract truck driver for three years before his last day of work on March 14, 1997. Claimant testified that he complained to Employer on several occasions regarding the unsafe conditions of his truck and the fact that he was not paid for delay time when the truck broke down and required repair in the middle of a trip. The referee admitted into evidence numerous repair orders submitted by Claimant to Employer indicating two concerns that were constantly noted—faulty brakes and bald tires. On March 14, 1997, Claimant was involved in a serious motor vehicle accident that rendered him unable to work for one month. Claimant quit his job due to the condition of Employer's trucks and its practice of ignoring Claimant's complaints or failing to properly repair his truck. Employer was cited by the Pennsylvania State Police on the day of the accident as a result of the condition of the tires on Claimant's truck. Claimant subsequently filed for unemployment compensation; Employer denied the claim and defended it on the basis that Claimant voluntarily quit his job.

The Job Center granted benefits, reasoning that Claimant established that he quit his

job due to a compelling and necessitous cause (unsafe working conditions) and that while unemployed he was available for work. Employer appealed, and the referee affirmed based on Sections 402(b) and 401(d)(1) of the Law. Employer thereafter appealed to the Board where it argued that Claimant was ineligible for benefits because he quit his job and he refused to take available work. The Board rejected Employer's argument and affirmed the referee's order, adopting the referee's reasoning that Claimant sustained his burden of proof by presenting extensive testimony and documentation to support his fears about the safety of his truck, which led to his decision to quit his job. When reviewing the decision of the Board, this Court may only determine whether the necessary factual findings are supported by substantial evidence, whether the Board committed an error of law or whether constitutional rights were violated. *Keystone Coca–Cola Bottling Corp. v. Unemployment Compensation Board of Review,* 693 A.2d 637 (Pa.Cmwlth. 1997).

■ Employer presented two pages of argument in its brief to support the six issues raised on appeal. Under Pa. R.A.P. 2119(a), "[t]he argument [section of the brief] shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part ... the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Arguments not properly developed in a brief will be deemed waived by this Court. *See Grosskopf v. Workmen's Compensation Appeal Board (Kuhns Market),* 657 A.2d 124, (Pa.Cmwlth.), *appeal denied sub nom. Grosskopf v. Kuhns Market,* 542 Pa. 677, 668 A.2d 1139 (1995) (it is not the Court's role to become appellant's counsel, and when appellant's brief is inadequate to present specific issues for review, the Court will not consider the merits of the case). *See also Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378 (1995). Employer's argument minimally develops the first and fifth issues raised by it that the Board's order was not supported by substantial evidence and that, because Claimant refused to accept other vehicles and other work from Employer, his actions constituted willful misconduct.

In *Lakatosh* the appellant listed thirty-one questions presented and as a consequence violated Pa. R.A.P. 2116(a), which requires that questions presented be no more than 15 lines and listed on only one page. The appellant's questions spanned four pages and ninety-seven lines, and she attempted to brief three of the thirty-one questions presented. The Court held that two of the three issues briefed were not adequately developed but rather "included general statements, unsupported by citation to applicable authority." *Id.,* 656 A.2d at 1381. The Court held that it would not consider these issues, declining to become appellant's counsel. Similarly, this Court will not embark upon such a task in this case and, therefore, will only address the first and fifth issues raised by Employer.

■ Section 402(e) of the Law, 43 P.S. § 802(e), governs a claim for unemployment benefits where the claimant's unemployment is "due to suspension or discharge for willful misconduct connected with his or her employment." *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973). The Court agrees with Claimant that Section 402(e) does not apply since he quit his job rather than being fired or suspended by Employer. Responding to the Job Center's form *"Employer's Notice of Application Request for Separation and Wage Information,"* Employer stated that Claimant "quit and gave no reason." Bureau Exh. No. 9. As such, the Board did not err when it rejected Employer's claim that Claimant's conduct constituted willful misconduct and that this standard should be applied. The record clearly shows that Claimant quit his job and that the only question to be resolved was whether he quit for a compelling and necessitous cause. Accordingly, the Court disagrees with Employer's contention that the evidence did not support the Board's decision.

■ Claimant informed Employer orally of the condition of his truck and through written repair requests as well. Copies of those repair requests were admitted into the record. Employer presented no evidence that the faulty conditions did not exist but

argued instead that the problems were corrected and that Claimant could have driven another truck. The Board found that Claimant believed that his health and safety would remain in jeopardy if he continued to drive for Employer, and, as the ultimate fact-finder, the Board was free to accept the evidence of Claimant over that of Employer. *Greif v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 437, 450 A.2d 229 (1982). The Court is not allowed to reweigh the evidence and may only reverse if it determines that the Board's decision was unsupported by the evidence. *Keystone Coca–Cola Bottling Corp.* The Court is satisfied from its review that substantial evidence existed to support the Board's findings which support its decision to grant benefits to Claimant. Therefore, the Board's decision is affirmed.

### ORDER

AND NOW, this 25th day of February, 1998, the decision of the Unemployment Compensation Board of Review is affirmed.