IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Bailey,                              :
                Petitioner     :
                                          :  No. 807 C.D. 2014
          v.                          :
                                          :  Submitted: June 5, 2015
Pennsylvania Board of Probation           :
and Parole,                               :
                Respondent     :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: August 20, 2015


        Presently before this Court is the application of Douglas J. Campbell, Esquire (Counsel) for leave to withdraw as counsel for Troy Bailey (Bailey). Bailey filed a petition for review challenging the Pennsylvania Board of Probation and Parole's (Board) recalculation of his parole violation maximum date. Counsel seeks to withdraw on the grounds that Bailey's petition for review is without merit. For the reasons that follow, we grant Counsel's petition and affirm the Board's order.

        On August 10, 1991, Bailey was arrested and charged with aggravated assault and a violation of the Pennsylvania Uniform Firearms Act of 1995.[1] On April 25, 1994, Bailey was found guilty of these charges and he was sentenced to a term of

---

[1] 18 Pa.C.S. §§6101–6126.

incarceration of eight to twenty years. Bailey's minimum expiration date was August 10, 1999, and his maximum expiration date was August 10, 2011. On May 8, 2000, the Board released Bailey on parole to a community corrections center. By decision dated March 4, 2003, the Board recommitted Bailey as a convicted parole violator to serve 24 months' backtime, when available, for committing the offenses of criminal conspiracy, recklessly endangering another person, simple assault, and unlawful restraint while on parole. Subsequently, by decision dated August 26, 2003, the Board recalculated Bailey's maximum sentence date to April 25, 2013. (Certified Record (C.R.) at Item Nos. 1, 3-4.)

On May 5, 2005, the Board released Bailey on parole to his new detainer sentence with a parole violation maximum date of April 25, 2013. On June 19, 2006, Bailey was released on parole from his detainer sentence to a community corrections center. The conditions governing his parole, which Bailey acknowledged with his signature on both May 5, 2005, and June 16, 2006, specifically advised him that if he was convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of his sentence, with no credit for time spent at liberty on parole. (C.R. at Item Nos. 5-6.)

On May 19, 2011, Philadelphia police arrested Bailey and charged him with rape and other sexual offenses (Philadelphia charges). On June 4, 2011, the Board lodged its warrant against Bailey to commit and detain him for violation of his parole. (C.R. at Item Nos. 8-9.)

Bailey was arrested on June 6, 2011, and charged with theft from a motor vehicle and receiving stolen property stemming from events that occurred on March 3, 2011, in Lycoming County. On August 16, 2011, Bailey was returned to the Department of Corrections' custody and placed at the State Correctional

2

Institution at Graterford. On August 29, 2011, Bailey pleaded guilty to the crime of theft from a motor vehicle, a misdemeanor of the first degree, and was sentenced to a minimum of six months and a maximum of twenty-four months of imprisonment, and the charge for receiving stolen property was dismissed. (C.R. at Item Nos. 13, 15.)

On September 29, 2011, Bailey was served by the Board with a notice of his parole violation and the date and time of the revocation hearing. On that same date, Bailey signed a form waiving his right to a parole revocation hearing and counsel, as well as admitting to being convicted of the crime of theft from a motor vehicle in violation of his parole. By decision dated November 16, 2011, the Board recommitted Bailey as a convicted parole violator to serve six months' backtime, when available, for committing the crime of theft from a motor vehicle. By decision dated March 15, 2013, the Board recalculated Bailey's parole violation maximum date to October 27, 2019.[2] (C.R. at Item Nos. 13-15, 17.)

On April 8, 2013, the Board received a request for administrative relief from Bailey challenging the Board's March 15, 2013 decision as a violation of his due process rights, asserting that the Board failed to offer him the opportunity to have a violation hearing. Bailey also sought to vacate the Board's November 16, 2011 decision for vagueness, because it did not give him notice that his parole violation maximum date could change if he was convicted of new criminal charges. Bailey was subsequently found not guilty of his Philadelphia charges on November 15, 2013. (C.R. at Item Nos. 17-18.)

---

[2] We note that the Board gave Bailey two days' backtime credit for being detained solely on the Board's warrant from June 4, 2011, to June 6, 2011, when it recalculated his parole violation maximum date. (C.R. at Item No. 17.)

On April 23, 2014, the Board mailed a response to Bailey, treating his request for administrative relief as an administrative appeal from the Board's March 15, 2013 decision. The Board explained that as a convicted parole violator, Bailey automatically forfeited credit for all time spent at liberty on parole pursuant to section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S. §6138(a)(2). The Board noted that Bailey was advised of this potential penalty when he signed the parole conditions on May 5, 2005. Citing *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979), the Board stated that Bailey's ability to challenge the recalculation decision after it was imposed satisfied his due process rights, and, thus, the Board's recalculation of his maximum sentence date did not violate any constitutional provisions. Accordingly, the Board affirmed the March 15, 2013 recalculation decision.

On May 12, 2014, Bailey filed a *pro se* petition for review alleging that his due process rights have been violated by the Board's failure to provide notice that his maximum sentence date was being recalculated, failure to hold a parole revocation hearing, and failure to provide him with the assistance of counsel for the hearing. Bailey further argues that the Board's November 16, 2011, and March 15, 2013 orders are moot because they are vague and provide no notice of a possible recalculation of his parole violation maximum date. Bailey also asserts that the Board failed to credit him with time-served when he was incarcerated solely on the Board's warrant after he had been found not guilty regarding the Philadelphia charges.

By order dated May 15, 2014, we appointed counsel to represent Bailey. Upon review of Bailey's administrative remedies form, petition, and the certified record of the Board, Counsel filed a petition for leave to withdraw with this Court and

4

a "Turner" letter, detailing the reasons why he found the appeal lacked merit. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel forwarded copies of this letter to Bailey and the Board.

In order to withdraw, counsel must satisfy the procedural requirements set forth by this Court in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the parolee of his request to withdraw; furnish the parolee with either a copy of a brief complying with *Anders v. State of California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirement of *Turner*; and inform the parolee of his right to retain new counsel or submit a brief on his own behalf.

If counsel proceeds under *Turner*, the letter must substantively set forth: (1) the nature and extent of counsel's review; (2) the issues the parolee wishes to raise; and (3) counsel's analysis in concluding that the parolee's appeal is without merit. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009); *Zerby v. Shannon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). We require counsel to comply with these requirements to ensure that a parolee's claims are considered and that counsel has substantial reasons for concluding the claims are without merit. *Id.*

In the present case, by letter dated July 30, 2014, Counsel notified Bailey of his application for leave to withdraw and provided Bailey with a copy of same, advised Bailey of his right to obtain substitute counsel or file a brief on his own behalf, and provided Bailey with a copy of his *Turner* letter setting forth the reasons why he found the petition for review to lack merit. Hence, Counsel has complied with the procedural requirements of *Craig*.

Additionally, Counsel's no-merit letter complies with the requirements of *Turner*. The letter states that Counsel has reviewed the record in this matter, addresses the claims raised by Bailey in his petition for review, and sets forth Counsel's analysis of the claims and his reasons for concluding that they lacked support in either law or fact. Thus, Counsel has complied with *Turner*.

Having determined that Counsel has satisfied the necessary procedural and technical requirements to withdraw, we will now conduct our own independent review to determine whether Bailey's appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009).

On appeal,[3] Bailey argues that the Board violated his due process rights by failing to conduct a revocation hearing prior to recalculating his parole violation maximum date in its March 15, 2013 decision. Bailey also argues that this decision should be vacated for vagueness, because the Board did not properly notify him that his parole violation maximum date might be recalculated due to parole violations.[4]

Section 6138(a) of the Code provides, in pertinent part, as follows:

---

[3] Our scope of review of an action of the Board is limited to determining whether the Board's findings are supported by substantial evidence, whether an error of law was committed, or whether any of the parolee's constitutional rights were violated. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n.3 (Pa. Cmwlth. 2009). We will not interfere with a determination unless the Board has acted arbitrarily or plainly abused its discretion. *Id.*

[4] We note that in Bailey's administrative appeal and his petition for review, he further argues that the Board's November 16, 2011 order should be vacated because of vagueness. As stated in the November 16, 2011 decision, Bailey had thirty days to file an appeal from this decision. Any challenge at this point is therefore untimely. Moreover, Bailey has waived this argument, because he fails to develop it further in his brief. *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court.").

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1),[5] shall be given no credit for the time at liberty on parole.

61 Pa.C.S. §6138(a)(1)-(2).

An alleged parole violator has a due process right to a preliminary hearing and a violation hearing before parole is revoked. *Morrissey v. Brewer*, 408 U.S. 471 (1972). However, a parolee may voluntarily waive his right to a parole

---

[5] Section 6138(a)(2.1) of the Code, added by the Act of July 5, 2012, P.L. 1050, states that:

The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138(a)(2.1). We note that Bailey raises no issues concerning section 6138(a)(2.1).

revocation hearing. *McKenzie v. Pennsylvania Board of Probation and Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009); *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 262 (Pa. Cmwlth. 2008); *see also Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013).

Contrary to Bailey's assertion, he signed a waiver of his right to a parole revocation hearing on September 29, 2011. Bailey also admitted to his conviction on the same form, which specifically stated as follows:

> I have been advised of my rights to a parole revocation hearing and counsel at that hearing. I have also been advised that there is no penalty for requesting counsel, that free counsel is available if I cannot afford to retain counsel, and I have been provided the name and address of the local public defender. With full knowledge and understanding of these rights, *I hereby waive my right to a parole revocation hearing* and counsel at that hearing. I waive these rights of my own free will, without any promise, threat or coercion.
>
> \* \* \*
>
> On the 29 day of Sept. 2011, I[,] Troy Bailey[,] do knowingly, intelligently, and voluntarily admit that: I was convicted of, plead guilty or plead no contest to the new criminal offense(s) listed on the attached PBPP 257N dated 9-22-11 that the conduct underlying the charge occurred while I was on parole/delinquent on parole, I have been convicted of the offense(s) in a court of record and the offense(s) was punishable by imprisonment. Specifically, I knowingly, intelligently, and voluntarily admit that I have been convicted of [theft from a motor vehicle] . . . in violation of my parole. I understand and agree that this admission is binding and may only be withdrawn if I submit a written withdrawal to my supervising agent, within ten (10) calendar days of the date written above.

(C.R. at Item No. 14) (emphasis added).

On appeal, Bailey is not disputing that he was convicted of a crime in violation of his parole conditions. Because Bailey waived his right to a hearing and admitted that he violated the conditions of his parole, the Board did not violate his due process rights by not holding a hearing prior to recommitting Bailey as a convicted parole violator and recalculating his maximum sentence date. *McKenzie*; *Prebella*.

Bailey also argues that the Board's March 15, 2013 decision must be vacated because it was vague. Bailey asserts that the Board did not properly inform him that his parole violation maximum date may be recalculated based on his conviction of theft from a motor vehicle. He also asserts that the Board misled him in its March 15, 2013 decision to believe that his parole violation maximum date would only be recalculated if he was convicted of the Philadelphia charges. However, on May 5, 2005, and June 16, 2006, Bailey acknowledged the conditions of his parole, specifically that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at Item Nos. 15-16.) Because the Board properly notified Bailey that upon conviction of any crime during his parole the Board may recalculate his maximum sentence to reflect the time that he was at liberty on parole, his argument is without merit.

Bailey also misconstrues the Board's March 15, 2013 decision, which states as follows:

> As recorded on March 15, 2013 the [Board] rendered the following decision in your case:

9

Refer to Board action of 11/16/2011 to recommit to a state correction institution as a convicted parole violator to serve 6 months backtime.

While confined, you must comply with the institution's prescriptive program requirements and have no misconducts.

List for reparole review on next available docket, if open charges are disposed.

--Parole violation max date is subject to change if convicted of new criminal charges.

*     *     *

Parole violation max date: 10/27/2019

(C.R. at Item No. 17.)

The Board's March 15, 2013 decision clearly states that Bailey's parole violation maximum date had been recalculated to October 27, 2019. Contrary to Bailey's argument, the Board only referenced the Philadelphia charges to provide notice to Bailey that his parole violation maximum date could have changed if he was convicted. However, Bailey was found not guilty of the Philadelphia charges, and, thus, his recalculated maximum sentence date remained the same. The Board provided notice to Bailey of possible recalculation of his parole violation maximum date if he violated his parole conditions when he signed his parole release on May 5, 2005, and June 16, 2006, and the Board's March 15, 2013 decision clearly stated Bailey's recalculated parole violation maximum date. Thus, there is no merit to Bailey's argument that the decision should be vacated for vagueness or that the Board failed to properly notify him of possible penalties for violating his parole conditions.

Bailey also argues that the Board failed to consider the time that he spent incarcerated for the theft from a motor vehicle conviction when recalculating his

parole violation maximum date. However, the Board only gives credit for time served solely on a Board warrant. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Bailey's imprisonment because of these charges was not solely because of the Board's warrant, and, thus, Bailey is not entitled to any credit for this time served in the Board's recalculation of his parole violation maximum date. Therefore, there is no merit to Bailey's argument.

Finally, Bailey argues that the correct day for the arrest is May 25, 2011, whereas the Board stated that Bailey was arrested on June 6, 2011. Bailey mistakenly references the May 25, 2011 arrest date for the Philadelphia charges in this context. The Board has properly referenced the June 6, 2011 arrest date for Bailey's conviction of theft from a motor vehicle as the reason for his recommitment as a parole violator. Therefore, Bailey's argument also has no merit.

Accordingly, having made an independent evaluation of the issues presented and having found that Counsel has satisfied the criteria set forth in *Turner*, we grant Counsel's petition for leave to withdraw and affirm the Board's denial of administrative relief.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Bailey,                                    :
                    Petitioner                  :
                                                :   No. 807 C.D. 2014
          v.                                    :
                                                :
Pennsylvania Board of Probation                 :
and Parole,                                     :
                    Respondent                  :

## ***ORDER***

AND NOW, this 20ᵗʰ day of August, 2015, the petition to withdraw as counsel filed by Douglas J. Campbell, Esquire, is granted. The April 23, 2014 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge