IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
    v.    :    No. 688 C.D. 2018
    :    Submitted: April 12, 2019
Mary Lu Frankovic,    :
    Appellant    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE RENÉE COHN JUBELIRER, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT    FILED: July 12, 2019

Mary Lu Frankovic (Frankovic) appeals, *pro se*, an order of the Court of Common Pleas of Allegheny County (trial court) denying her *de novo* appeal of a summary conviction for failing to keep the exterior of her premises in a clean, safe and sanitary condition. Finding no error by the trial court, we affirm.

Frankovic is the owner of a residence at 102 Ridgeside Road in Ross Township, Allegheny County. In September of 2017, Ross Township's code enforcement officer, Howard Boyd (Boyd), observed garbage and junk in the front and back yards and on the porch of Frankovic's property. Boyd cited Frankovic for a violation of Section 302.1 of the "International Property Maintenance Code" (2009 ed.) (Property Maintenance Code), which Ross Township has adopted.[1] Section 302.1 of the Property Maintenance Code provides, in pertinent part, as follows:

---

[1] *See* TOWNSHIP OF ROSS CODE OF ORDINANCES, §5-201 (2010) (adopting International Property Maintenance Code, 2009 edition), available at www.ecode360.com/31078988 (last visited June 18, 2019).

> 302.1 Sanitation. All exterior property and premises shall be maintained in a clean, safe and sanitary condition. The occupant shall keep that part of the exterior property which such occupant occupies or controls in a clean and sanitary condition.

PROPERTY MAINTENANCE CODE, ch. 3, §302.1 (emphasis omitted). On February 21, 2017, a magisterial district judge found Frankovic guilty after a summary trial. Frankovic appealed to the trial court.

On April 17, 2018, the trial court held a *de novo* hearing. Frankovic attended the hearing with her son, Chris Frankovic, and Boyd testified for the Township. Boyd submitted 12 photographs of Frankovic's property that he took on April 13, 2018. The photographs depicted plastic bins and bags, decorative items, bricks, tools, bags of soil and an array of unidentifiable items covering the front porch and yards. Photographs of the rest of the property, including the back yard, showed tents and cages, as well as pond liners, plastic bins, furniture and cleaning agents. Boyd did not testify about where he stood to take each one. Frankovic objected to the admission of the photographs, arguing that Boyd did not have a warrant to enter her property and trespassed when he took the pictures. Frankovic also argued that the items in the photographs had been removed after Boyd photographed the property.

The trial court rejected Frankovic's arguments and found her guilty of the charged offense. She was sentenced to pay a $100 fine, plus costs. Frankovic appealed to this Court.

On appeal,[2] Frankovic raises two issues. First, she argues that the trial court erred in admitting Boyd's photographs into evidence because they were

___

[2] Our review in an appeal from a summary conviction is to determine whether competent evidence supports the findings of fact or whether an error of law has been committed. *Commonwealth v. Nicely*, 988 A.2d 799, 803 n.3 (Pa. Cmwlth. 2010).

obtained in violation of her Fourth Amendment right against unreasonable searches and seizures. Second, she argues that the trial court erred in finding her guilty because "there was nothing unsafe or unsanitary about the conditions of the exterior property." Frankovic Brief at 6.

We first address Frankovic's contention that Boyd's photographs were obtained in violation of her rights under the Fourth Amendment,[3] which safeguards the privacy and security of individuals against government intrusion. *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 527 (1967). Pennsylvania courts have extended this constitutional protection to the curtilage of a person's home by analyzing "factors that determine whether an individual reasonably may expect that an area immediately adjacent to the home will remain private." *Commonwealth v. Gibbs*, 981 A.2d 274, 279 (Pa. Super. 2009) (quotation omitted). Curtilage includes "land or structures immediately adjacent to a dwelling or within close proximity thereto," typically an area "enclosed in some manner by a fence, shrubs, or the like." *Commonwealth v. Rood*, 686 A.2d 442, 447 (Pa. Cmwlth. 1996). However, a reasonable expectation of privacy generally does not exist in

---

[3] The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. Our state constitution similarly provides:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. 1, §8.

areas that are observable from a vantage point accessible to the public. *Id. See also Commonwealth v. Simmen*, 58 A.3d 811 (Pa. Super. 2012) (no reasonable expectation of privacy in driveway); *Gibbs*, 981 A.2d at 280 (front porch is not entitled to constitutional protections).

Two of Boyd's photographs depict the front lawn and porch of Frankovic's property, which are visible from the street. *See* Reproduced Record at 53a-54a (R.R. ___). All of the items depicted are in plain view and observable from a vantage point accessible to the public. These two photographs were properly admitted at trial. The remaining photographs depict the appearance of Frankovic's property at other locations, but it is not apparent that these views are from a publicly accessible vantage point. Nor did Boyd testify as to where he was standing when he took them. These photographs were improperly admitted.[4]

We next address Frankovic's argument that the trial court erred in finding her guilty of violating Section 302.1 of the Property Maintenance Code.

---

[4] Under Section 104.3 of the Property Maintenance Code, Boyd had limited authority to enter Frankovic's property to discharge his duties:

> Where it is necessary to make an inspection to enforce the provisions of this code, or whenever the code official has reasonable cause to believe that there exists in a structure or upon a premises a condition in violation of this code, the code official is authorized to enter the structure or premises at reasonable times to inspect or perform the duties imposed by this code, provided that if such structure or premise is occupied the code official shall present credentials to the occupant and request entry.

PROPERTY MAINTENANCE CODE, ch. 1, §104.3 (emphasis omitted). Thus, the Property Maintenance Code allows entry without a warrant upon "reasonable cause" to believe a violation exists and upon permission of an occupant. *Commonwealth v. Cannarozzo*, 155 A.3d 1147, 1151 (Pa. Cmwlth. 2017). Only in the absence of "reasonable cause" and permission of an occupant must a code enforcement officer obtain a warrant to enter. *Id.* As Boyd lacked Frankovic's permission to enter the property he needed a warrant to do so.

4

Specifically, Frankovic contends that Boyd failed to demonstrate that there was anything unsafe or unsanitary about her property.

The two photographs taken by Boyd that were admissible depict items littered throughout a significant portion of the front yard and completely covering the front porch. These items include an array of plastic bins and bags, extension cords, tools, chairs, shovels, decorative items and other undiscernible debris. R.R. 53a-54a. Access to the front door is blocked by the debris, which presents a safety hazard. This photographic evidence supports the trial court's conclusion that Frankovic violated Section 302.1 of the Property Maintenance Code.[5]

Accordingly, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] Frankovic raises an additional argument that the section of the Property Maintenance Code under which she was charged was changed during the proceeding. Frankovic does not develop this claim and there is nothing in the record to support it. The citation issued by Boyd, charging documents and docket entries all refer to Section 302.1 of the Property Maintenance Code. Therefore, this argument is waived. *See Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998) (holding that undeveloped arguments without citation to legal authority will not be considered).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                :
        v.                      :    No. 688 C.D. 2018
                                :
Mary Lu Frankovic,              :
              Appellant         :

# **O R D E R**

AND NOW, this 12th day of July, 2019, the order of the Court of Common Pleas of Allegheny County dated April 17, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge