IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dion Derrig,                              :
                        Petitioner        :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :    No. 1360 C.D. 2023
                        Respondent        :    Submitted: May 6, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                               FILED: June 4, 2025


          Dion Derrig (Claimant) petitions for review from an order of the
Unemployment Compensation (UC) Board of Review (Board) dated August 16,
2023. The Board upheld the dismissal of Claimant's appeal from a determination of
ineligibility by the Department of Labor and Industry, Office of UC Benefits
(Department) on the basis that Claimant's appeal of that determination was untimely.
On review, we affirm the Board's order.

          Also before the Court is Claimant's application for relief titled "Motion
to Order the Certified Record Be Corrected." We deny the application for relief.


                        **I. Background**

          During the COVID-19 pandemic, Claimant applied for Pandemic
Unemployment Assistance (PUA) benefits with an effective application date of
February 2, 2020, pursuant to emergency provisions added to the UC Law.[1]

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§§ 751-919.10. On March 27, 2020, Article XVI was added to the UC Law, which included

Certified Record (CR) at 8-12. Claimant indicated his preferred method of notification was email, and he provided his personal email address. *Id.* at 9. He also provided a mailing address of 108 S. Elmira Street, Athens, Pennsylvania 18810. *Id.*

Since September 11, 2020, Claimant has been incarcerated in two different counties in upstate New York. *See* CR at 30 & 98. However, the record does not reflect that he ever updated his mailing address or preferred method of notification in the PUA portal. *See generally* CR.

On September 15, 2021, the Department issued a Pandemic Unemployment Disqualifying Determination (Determination) pursuant to Section 401(c) of the UC Law, 43 P.S. § 801(c). CR at 14-23. The Department emailed Claimant notice of the Determination (Determination Notice), which included instructions and time limits to appeal. The Department also mailed a copy of the Determination Notice to Claimant at the address Claimant provided in his PUA claim. *See* CR at 14 & 68. The record does not indicate that either Determination Notice was returned as undeliverable. *See generally* CR. The Determination Notice prominently stated that the final date for Claimant to appeal the Determination was September 30, 2021. CR at 14.

On March 25, 2022, Claimant filed an appeal from the Determination to the Referee. CR at 25, 30 & 49. The Referee held a telephonic hearing on August 9, 2022. *Id.* at 71. Claimant was notified of the date and time of the hearing, apparently by mail at the mailing address he provided in his PUA claim. *Id.* at 54. Again, there is nothing in the record indicating that the hearing notification was returned as undeliverable. Claimant did not appear for the hearing, and the Referee

---

Emergency Provisions Related to COVID-19 that expired on January 1, 2021. *See* former Sections 1601-1605 of the UC Law, added by the Act of March 27, 2020, P.L. 25, 43 P.S. §§ 919.101-919.105 (expired January 1, 2021).

issued an opinion and order (Referee's Decision) on the same date dismissing Claimant's appeal as untimely under Section 501(e) of the UC Law, 43 P.S. § 821(e). CR at 67-71.

The final date to appeal the Referee's Decision was August 30, 2022. CR at 67 & 72. Claimant was notified of the Referee's Decision and the appeal deadline via email and the message center of his PUA account, as well as by mail. Once again, the record does not indicate that any transmittal was returned as undeliverable. *See* CR at 67 & 98; Supplemental Record (SR) at 4, 6 & 8.

On October 5, 2022, Claimant filed an appeal to the Board. CR at 78-80. On March 24, 2023, the Board sent a letter to Claimant's last known mailing address of 108 S. Elmira Street, Athens, Pennsylvania, 18810, which Claimant had provided in his initial PUA claim and had never updated or changed. *Id.* at 95. The Board's letter indicated that Claimant's appeal appeared to be untimely and that he had 15 days to request a hearing on the timeliness issue. *Id.* at 95 & 99-100; *see also* 34 Pa. Code § 101.61(a) (providing that, if an appeal to the Board appears to be untimely, the Board must advise the appealing party in writing that it does not appear to have jurisdiction because of the late filing and that the appealing party must request a hearing on the timeliness issue within 15 days of the notice or the appeal will be dismissed). Claimant did not respond, and the Board issued a Decision and Order, dated August 16, 2023 (Board Order), dismissing Claimant's appeal as untimely under Section 502 of the Law, 43 P.S. § 822. CR at 98-103.[2] Claimant's appeal to this Court followed.

---

[2] The Decision indicates it was mailed to Claimant at his prison address in Attica, New York; however, his record address was still listed with the Department as 108 S. Elmira Street, Athens, Pennsylvania 18810. CR at 98.

## II. Issues

On appeal to this Court,[3] Claimant raises six issues for review, which we paraphrase as follows. First, Claimant asserts that the sole cause of his untimely appeal of the Determination to the Referee was improper notification of the Determination. Second, he contends that the sole cause of his untimely appeal of the Referee's Decision to the Board was improper notification of the Referee's Decision. Third, Claimant maintains that the Referee failed to provide a reasonable and fair opportunity for Claimant to attend the hearing. Fourth, Claimant argues that the Board erroneously failed to provide him a further opportunity to request a timeliness hearing. Fifth, Claimant insists the Board improperly failed to consider his entitlement to *nunc pro tunc* relief and allow him to file an untimely appeal. Sixth, and finally, Claimant posits that, on the merits, he is entitled to the PUA benefits for which he applied.

## III. Discussion

### A. Notice of the Determination

Claimant expressly acknowledges that Section 502(b) of the UC Law provides that notice of a determination "shall be mailed . . . or transmitted electronically, ***as designated by the party***." 43 P.S. § 822(b) (emphasis added); Br.

---

[3] This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 n.3 (Pa. Cmwlth. 2008) (citing *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884 (Pa. Cmwlth. 1988)). In unemployment compensation cases, the Board is the ultimate fact-finder, and its findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou*, 942 A.2d at 198 (first citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383 (Pa. 1985); and then citing *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829 (Pa. 1977)).

4

of Claimant at 12. Claimant further expressly concedes that he "designated email as the method to receive notifications when the claim was opened." Br. of Claimant at 12. He suggests, however, that he sent correspondence to the Department from jail in April 2021, and the Department was thereby "made aware" of Claimant's new address in jail and should have sent notice of the Determination to that address instead of emailing it as he designated in his PUA benefits claim. *Id.* He argues that the Department's failure to send the Determination Notice to the correct address caused his appeal to the Referee to be untimely and that the Referee should have accepted his appeal as timely *nunc pro tunc*. *Id.* at 12-13. This argument is without merit.

Claimant relies on exhibits attached to his brief to establish that he sent correspondence to the Department from jail in April 2021. Br. of Claimant at 12. However, merely attaching a document to a brief does not make it part of the record. *Hempfling v. Unemployment Comp. Bd. of Rev.*, 850 A.2d 773, 777 (Pa. Cmwlth. 2004) (citing *McKenna v. State Horse Racing Comm'n*, 476 A.2d 505 (Pa. Cmwlth. 1984)). This Court cannot consider documents that are not in the record. *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (explaining that "[f]or purposes of appellate review, that which is not part of the certified record does not exist"). Here, Claimant filed an application for relief titled "Motion to Order the Certified Record Be Corrected" in which he sought to have his alleged correspondence included in the record. However, none of the purported correspondence attached to his brief includes any notice to the Department that he wanted to change his official address or his related designation of how he wanted to receive notifications. Notwithstanding that the record shows Claimant sent some correspondence to the Department from jail, he does not assert that he ever changed

5

his official preferred method of notification by email; nor does he assert that he ever officially changed the mailing address listed in his PUA claim. If Claimant wanted the Department to send notifications by a method or to a location he did not initially provide in opening his PUA claim, it was his responsibility to notify the Department in writing to make an official change. *See Duhigg v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1, 5 (Pa. Cmwlth. 2017) (explaining that the claimant "bore the responsibility of notifying the Department of her change in address at the time it occurred"); *see also Liang v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 753 C.D. 2019, filed Feb. 18, 2020)[4] (collecting and citing various decisions holding that claimants who failed to receive notifications because they failed to provide the Department with their updated addresses were negligent and were not entitled to *nunc pro tunc* relief). Claimant did not do so and has not averred that he did. The correspondence attached to Claimant's brief is, therefore, irrelevant to the issue of timeliness or *nunc pro tunc* relief, and we deny the "Motion to Order the Certified Record Be Corrected."

Finally, as noted above, nothing in the record indicates that any notification transmitted by the Department was returned to the Department as undelivered. For all of these reasons, we conclude that the Department properly notified Claimant of the Determination.

### B. Notice of the Referee's Decision

Claimant next contends that he was not properly notified of the Referee's Decision. First, he asserts that the Referee incorrectly sent the notification to his postal address rather than his designated email address. Br. of Claimant at 14.

---

[4] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

However, he also expressly states that he was unable to access his email while in jail. *Id.* at 15. Thus, he fails to explain how this purported error prejudiced him. The main thrust of Claimant's argument regarding the notice of the Referee's Decision, like that of his argument regarding the Department's notification, is that the Referee should have taken note of correspondence indicating that Claimant was incarcerated and should have sent the notification to the jail. *Id.* at 14-15. This argument fails for the same reasons discussed in the preceding section. Accordingly, we conclude that Claimant was provided with proper notice of the Referee's Decision.

### C. Notice of the Referee's Hearing

Claimant asserts identical arguments concerning his alleged failure to receive notice that the Referee had scheduled a hearing. Br. of Claimant at 16-18. Those arguments are rejected for the reasons discussed in the preceding section.

Claimant also appears to suggest that the Referee improperly deprived him of an opportunity to attend the telephone hearing by failing to provide him with information on how he could attend. *See* Br. of Claimant at 16 & 18 (averring that "[C]laimant had not received any information from the [R]eferee on how to attend the hearing . . ." and that "Claimant was denied the opportunity to attend the Referee hearing because of not being properly informed of how to" [sic]). However, the notice of hearing included detailed information concerning participation in the hearing. *See* CR at 54-63. To the extent, if any, that Claimant is implying that the Referee had a duty to instruct him specifically how to attend the telephone hearing while incarcerated, Claimant does not point to any legal authority imposing such a duty on the Referee, and this Court is aware of none. In any event, because Claimant

7

does not develop this argument, it is waived. *See Cummins v. Unemployment Comp. Bd. of Rev.*, 207 A.3d 990, 995 n.5 (Pa. Cmwlth. 2019) (citing *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (explaining that undeveloped arguments without citation to legal authority will not be considered)). Accordingly, we reject Claimant's third argument.

### D. The Board's Failure to Offer a Second Hearing Opportunity

In his fourth assertion of error, Claimant seems to be arguing that he should have been afforded a second opportunity to attend a hearing concerning his untimely appeal. However, it is not clear whether he is referring to his untimely appeal to the Referee or his subsequent untimely appeal to the Board from the Referee's Decision. *See* Br. of Claimant at 19-20. Nonetheless, to the extent that the meaning of this argument can be discerned, it appears to be based again on the provision of notice at the mailing address Claimant provided in his PUA claim rather than to his then-current place of incarceration. The notification argument fails for the reasons discussed in the preceding sections. To the extent that Claimant is suggesting he should have been given a second opportunity for a hearing, whether before the Referee or the Board, he does not develop this argument and cites no authority for his purported entitlement to a second hearing; therefore, this argument, too, is waived. *See Cummins*, 207 A.3d at 995 n.5; *Rapid Pallet*, 707 A.2d at 638. Accordingly, we reject Claimant's fourth argument.

### E. Claimant's Assertion of Non-Negligence for *Nunc pro Tunc* Relief

In his fifth argument, Claimant maintains that he should be allowed to pursue his untimely appeal from the Determination *nunc pro tunc* because his failure

8

to file a timely appeal was not his fault. Like Claimant's other arguments, this assertion is without merit.

Timely appeal of a Department determination is jurisdictional, and an extension of time to file an appeal cannot be granted as a matter of grace; if an appeal is not timely filed after a determination, that determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Hessou*, 942 A.2d at 197-98 (citing *Darroch v. Unemployment Comp. Bd. of Rev.*, 627 A.2d 1235 (Pa. Cmwlth. 1993)). Although the Board may consider an untimely appeal in limited circumstances, the burden to establish such circumstances is a heavy one because the statutory time limit established for appeals is mandatory. *Hessou*, 942 A.2d at 198 (first citing *Unemployment Comp. Bd. of Rev. v. Hart*, 348 A.2d 497 (Pa. Cmwlth. 1975); and then citing *Blast Intermediate Unit No.17 v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 447 (Pa. Cmwlth. 1994)). An appellant may satisfy this heavy burden in one of two ways; he can show that the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct, or he can show that non-negligent conduct beyond his control caused the delay. *Hessou*, 942 A.2d at 198 (citing *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)). "[F]ailure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Hessou*, 942 A.2d at 198 (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Rev.*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993) (additional quotation marks omitted)).

Here, Claimant seems to be asserting non-negligence on his part, coupled with an administrative breakdown in the transmittal of notifications to his designated email address and/or his postal address as provided in his PUA claim,

rather than to his places of incarceration.[5]  As in his other arguments, Claimant suggests that the mere receipt of a piece of correspondence from him with a return address of a carceral institution should have caused the Department, the Referee, and the Board to send future notices to that address rather than to the address designated in his PUA claim – at least, presumably, until Claimant was transferred to a different institution and sent a piece of mail from the address of that institution, and notwithstanding his obligation to timely update his mailing address.  *See* Br. of Claimant at 22.  We cannot agree.

The Referee specifically found there was "insufficient competent evidence in the hearing record to establish that the Claimant was prevented from filing a timely appeal due to fraud, a breakdown in the administrative process, or due to non-negligent conduct on [his] part."  CR at 69-70.  All relevant information in the record indicates that the Department, the Referee, and the Board all sent notifications to Claimant at the email and/or mailing address he provided for that purpose in his PUA claim, and additionally sent notifications through Claimant's PUA claim portal.  *See* CR at 14, 54, 67-69, 95 & 98; SR at 4, 6, & 8.  Nothing in the record suggests that any transmittal was ever returned as undeliverable.  *See* CR at 14 & 68-69; SR at 4, 6 & 8.  The Department, the Referee, and the Board all properly complied with the applicable notification requirements.

We likewise cannot agree with Claimant's assertion of non-negligence. He recites, largely without support in the record, the efforts he alleges he made at contacting the Department, the Referee, and/or the Board in an effort to pursue his PUA claim and then to pursue his appeals.  *See* Br. of Claimant at 21-22.  Claimant

---

[5] Claimant's own correspondence in the record indicates that while this matter has been pending, he has been incarcerated at different times in two different locations, in Chemung County, New York, and Attica, New York.  *See* CR at 30 & 84.

insists that he "did everything in [his] power to try and communicate" with the Department, Referee, and Board and that he filed appeals as soon as he learned that decisions had been issued. *Id.* at 22. The obvious and fatal flaw in Claimant's argument is that he does not aver, and the record does not indicate, that he ever took the simple step of officially changing either his preferred method of notification – email at his provided email address – or his postal mailing address as provided in his PUA claim.[6] *See generally* CR. Moreover, the first indication in the record of any correspondence from Claimant with a return address other than the mailing address he provided in his PUA claim was from November 2021, by which time the deadline to appeal the Determination had already passed. *See* CR at 38-40. In any event, as explained above, it was Claimant's responsibility to provide any update to the method or address for notifications; it was not the responsibility of the Department, the Referee, or the Board to check the return address on correspondence against the official designated notification method and address provided in Claimant's PUA claim; nor was it the responsibility of the Department, the Referee, or the Board to pore over the correspondence in the case and then guess which of the return addresses on such correspondence might constitute Claimant's current preferred address. There is no merit in Claimant's assertion of entitlement to *nunc pro tunc* relief.

---

[6] Oddly, having never changed the mailing address in his PUA claim, Claimant nonetheless sent a letter in October 2022 – again, well after the deadlines for any appeals had run – stating that he would no longer be able to receive mail at the Chemung County Jail address and that he would provide a new address within 30 days. CR at 81. However, the record does not indicate that Claimant ever provided a new address. *See generally* CR. Nonetheless, the Board apparently became aware of a new address at some point, as it sent notification of the Board Order to Claimant's subsequent place of incarceration in Attica, New York. CR at 98.

**F. Claimant's PUA Claim**

In his final assertion of error, Claimant argues the merits of his PUA claim and insists he is entitled to PUA benefits. Because Claimant was not entitled to pursue his untimely appeals, neither the Referee nor the Board had jurisdiction to entertain the merits of the PUA claim, and that claim is not properly before this Court on appeal.

**IV. Conclusion**

Based on the foregoing discussion, the Board's order is affirmed. Claimant's "Motion to Order the Certified Record Be Corrected" is denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dion Derrig,                                      :
                        Petitioner                :
                                                  :
            v.                                    :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :        No. 1360 C.D. 2023
                        Respondent                :

**PER CURIAM**                    **O R D E R**


AND NOW, this 4th day of June 2025, the order of the Unemployment Compensation Board of Review dated August 16, 2023 is AFFIRMED. Petitioner Dion Derrig's application for relief titled "Motion to Order the Certified Record Be Corrected" is DENIED.